THOMAS Y. AWALT, JR. AND PHYLLISS Y. AWALT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Awalt v. Commissioner
Docket No. 15931-84.
United States Tax Court
T.C. Memo 1987-42; 1987 Tax Ct. Memo LEXIS 42; 52 T.C.M. (CCH) 1468; T.C.M. (RIA) 87042; January 20, 1987. Thomas Y. Awalt, pro se. J. Craig Young, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: In his notice of deficiency respondent determined a deficiency in petitioners' 1980 income tax of $14,154.10. After concessions, the issue that we must decide is whether the gain realized by petitioner from the sale of a residence gualifies for nonrecognition under section 1034(a). [1]
FINDINGS *43 OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time they filed their petition herein, petitioners Thomas Y. Awalt, Jr. (hereinafter "petitioner") and Phylliss Y. Awalt were residents of Pensacola, Florida. Petitioner is an attorney, and served as a career officer in the United States Armed Forces from 1949 until he retired on September 1, 1967. Petitioner was stationed in Hawaii in 1958 and purchased a home there on June 26, 1958 for $20,500 (hereinafter his "Hawaii home"). He lived in his Hawaii home from the time he purchased it until he was transferred to Washington, D.C., in 1960. While he was assigned to Washington, petitioner purchased a home there and leased his Hawaii home. In late 1963 petitioner was reassigned to Hawaii, sold his home in Washington, and moved back into his Hawaii home. Petitioner lived in his Hawaii home from late 1963 until he was transferred to Memphis, Tennessee, in May 1966. He leased a home in Memphis while he was assigned there. Petitioner retired from the Armed Forces on September 1, 1967, and accepted employment *44 as a patent attorney in Decatur, Alabama. He accepted the employment with the understanding that he would be reassigned to Pensacola, Florida, if any vacancies occurred. He rented a home in Alabama until August 1968, when he moved into a home he had built in Sheffield, Alabama. Petitioner leased his Hawaii home to various tenants from May 1, 1966 until August 31, 1970. On August 31, 1970 the home was placed for rent with a realtor. The realtor found a tenant who stayed about three months and the home was then left vacant. On January 7, 1972, petitioner entered into an agreement to sell his Hawaii home. The agreement provided the following terms of payment: $95,000 total purchase price; $15,000 down payment; balance of $80,000, together with interest at seven percent and real property taxes, due in monthly installments of $570 with the entire remaining balance due on or before December 31, 1981. The agreement of sale granted the purchaser the right to immediately possess the property and enjoy "the use, rents, issues and profits thereof." It also granted the purchaser the right to improve the property without petitioner's consent. The only restriction on the purchaser's *45 use of the property was that the purchaser was required to obtain petitioner's consent before selling, transferring, mortgaging, or leasing the property. The agreement provided that petitioner could not, however, unreasonably withhold his consent. The agreement of sale similarly placed upon the purchaser significant burdens including, inter alia, the risk of losses to or destruction of the property from all causes; the obligation to pay all taxes, assessments, and charges against the property; the duty to maintain the property; and the responsibility to insure the property. Petitioner had an unconditional duty to deliver a deed to the purchaser upon full payment of the purchase price, which the purchaser was entitled to prepay without penalty. The purchaser was personally liable for the full contract price in the event of default. Petitioner reported the gain from the payments received pursuant to the agreement of sale under the installment sale provisions of section 453 on his 1972 and subsequent joint Federal income tax returns. In 1975, petitioner was transferred by his employer to Pensacola, Florida. At that time he purchased a home in Gulf Breeze, Florida, and sold *46 his home in Sheffield, Alabama. Petitioner deferred his gain from the sale of his home in Sheffield, Alabama, under section 1034. On March 31, 1980, petitioner received the final payment of $75,340.21 from the sale of the Hawaii home, and deeded the home to the purchaser. On their 1980 joint Federal income tax return petitioners reported a gain of $70,558.21 from the sale of the Hawaii home, and deferred recognition of the gain under section 1034 in favor of a new residence not yet under construction. Petitioner subsequently constructed a home in Perdido Key, Florida, for $145,000 and first occupied the home on December 8, 1981. Petitioners reported to respondent that their home in Perdido Key was a replacement for their Hawaii home. Respondent determined in his notice of deficiency that petitioner sold his Hawaii home on January 7, 1972, rather than March 31, 1980, as petitioner reported, and that the gain petitioner realized from the sale therefore failed to qualify for nonrecognition under section 1034. OPINION The issue for decision is whether the gain realized by petitioner in 1980 from the sale of his Hawaii home qualifies for nonrecognition under section 1034. Section *47 1034 allows a taxpayer to defer the recognition of gain realized from the sale of his principal residence, provided he meets the requirements of the statute. It provides, in relevant part, that when property used by a taxpayer as his principal residence is sold by him and, within the period beginning two years before the date of such sale and ending two years after such date, property is purchased by the taxpayer and used as his principal residence, gain shall be recognized only to the extent that the adjusted sales price of the old residence exceeds the cost of purchasing the new residence. Respondent has conceded that the home petitioners constructed in Perdido Key, Florida, became their principal residence under section 1034(a) when they first occupied it on December 8, 1981, and that the cost of the Perdido Key home exceeded the adjusted sales price of the Hawaii home. The parties dispute whether the sale of the Hawaii home occurred within two years of December 8, 1981, and whether the Hawaii home was petitioner's principal residence when he sold it. As the requirements of section 1034(a) are concurrent rather than alternative, a failure to meet either of the requirements *48 at issue prevents petitioners from qualifying to defer recognition of their gain under section 1034. Date of Sale
For purposes of Federal income taxation, a sale occurs upon the transfer of the benefits and burdens of ownership rather than upon the satisfaction of the technical requirements for the passage of title under state law. ; , affd. . The question of when a sale is complete for Federal tax purposes is essentially one of fact to be decided based on a consideration of all the facts and circumstances with no single factor controlling the outcome. ; . Petitioners contend that the sale of the Hawaii home did not occur until March 31, 1980; respondent argues that the sale was consummated on January 7, 1972. We agree with respondent. A sale of real property is generally complete upon the earlier of the transfer of legal title or the practical assumption of the benefits and *49 burdens of ownership by the purchaser. ; . Where, as in the instant case, the transfer of legal title is delayed to secure payment of the contract price, [2] we must determine when the parties intended to shift to the purchaser the benefits and burdens of ownership. ; , affd. per curiam . The terms of the agreement of sale make it clear that the agreement shifted the benefits and burdens of ownership of the Hawaii home from petitioner *50 to the purchaser when it was executed on January 7, 1972. The agreement unambiguously shifted to the purchaser all significant burdens of ownership by providing that the purchaser: (1) bore all risk of loss; (2) had the duty to maintain the property; (3) had the obligation to pay all taxes, assessments, and charges against the property; and (4) had the responsibility to insure the property. The purchaser's substantial equity in the property, combined with his personal liability for the entire remaining contract price, ensured that he bore the burdens as a practical matter. The agreement similarly shifted to the purchaser all significant benefits of ownership by providing that the purchaser had the right to: (1) immediately take possession of the property and enjoy the use, rents, and profits thereof; (2) improve the property without petitioner's consent; and (3) obtain legal title anytime by paying the outstanding balance of the contract price. Although the agreement required the purchaser to obtain petitioner's consent before selling, transferring, mortgaging, or leasing the property, it also provided that petitioner could not unreasonably withhold that consent. As petitioner *51 could not unreasonably withhold his consent, the consent requirement did not, as a practical matter, prevent those additional benefits of ownership from shifting to the purchaser. In sum, we hold that the benefits and burdens of ownership of the Hawaii home were transferred on January 7, 1972, and that the sale of the home for Federal tax purposes therefore occurred on that same date. The gain realized from the sale accordingly does not qualify for deferral under section 1034 as petitioners' replacement home was not completed until December 8, 1981. [3]
To reflect the foregoing and the concessions of the parties, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Agreements of sale are commonly used in Hawaii in the purchase and sale of real property. . In Jenkins,↩ the Hawaii Supreme Court recognized that purchasers of real property under agreements of sale are vested with equitable and beneficial ownership of the property upon execution and delivery of the agreement of sale, and that sellers retain legal title simply to secure payment of the contract price.
3. As we have decided that petitioners may not defer under section 1034 the recognition of the gain realized on the sale of their Hawaii home because it was sold in January 1972, we need not decide whether the Hawaii home qualified as petitioners' principal residence.↩